621 S.E.2d 666

**In the Matter of John J. DODDS, III, Respondent.**

No. 26056.

Supreme Court of South Carolina.

Submitted Sept. 16, 2005.

Decided Oct. 24, 2005.

Henry B. Richardson, Jr., Disciplinary Counsel, and Susan M. Johnston, Deputy Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

Frank M. Cisa, of Cisa & Dodds, LLP, of Mount Pleasant, for respondent.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to any sanction in

Rule 7(b), RLDE, Rule 413, SCACR. We accept the Agreement and definitely suspend respondent from the practice of law in this state for a ninety (90) day period. The facts, as set forth in the Agreement, are as follows.

## FACTS

Respondent represented the plaintiff/mother in an action to terminate the defendant/father's parental rights for willful failure to support or visit their child for several years. Notice had been properly served for the final hearing. Respondent requested his client take the child out of school to attend the hearing.

While reviewing the file for the hearing, respondent discovered that, although he had prepared the necessary documents to have a guardian ad litem appointed and had intended to contact Robert M. Hadden, Esquire, to serve as guardian, respondent had not contacted Attorney Hadden and, therefore, the appropriate documents concerning the appointment had not been signed and filed with the court. Not wanting to disappoint his client, respondent signed Attorney Hadden's name to four (4) separate documents incident to his appointment as guardian, namely 1) Attorney Hadden's February 18, 2005, affidavit, 2) the Order Appointing Guardian Ad Litem Nisi dated March 1, 2005, 3) the Answer of Guardian Ad Litem dated March 2, 2005, and 4) the Acknowledgement of Service of Guardian Ad Litem dated March 2, 2005.

Prior to the hearing, the family court judge requested a meeting with respondent and the guardian ad litem. Respondent advised the judge that the guardian was not present. The family court judge continued the hearing to allow the guardian to be present.

Respondent admits he did not accurately represent the facts to the family court judge until a few days later when he gave the judge, Attorney Hadden, and ODC a full accounting of what he had done. Respondent has fully cooperated with ODC in resolving this matter. Respondent has no prior disciplinary history.

## LAW

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 3.3 (lawyer shall not knowingly make a false statement of material fact to a tribunal); Rule 3.4 (lawyer shall not knowingly disobey an obligation under the rules of a tribunal); Rule 4.1 (in the course of representing a client, a lawyer shall not knowingly make a false statement of fact to a third person); Rule 8.4(a) (lawyer shall not violate Rules of Professional Conduct); Rule 8.4(d) (lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (lawyer shall not engage in conduct that is prejudicial to administration of justice).[1] In addition, respondent admits his misconduct constitutes a violation of Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct) and Rule 7(a)(5) (lawyer shall not engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

## CONCLUSION

We accept the Agreement for Discipline by Consent and definitely suspend respondent from the practice of law for a ninety (90) day period. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.

---

1. Respondent's misconduct occurred before the effective date of the Amendments to the Rules of Professional Conduct. *See* Court Order dated June 20, 2005. The Rules cited in this opinion are those which were in effect at the time of respondent's misconduct.